**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DALE CHRISTOPHER DANIELS, JR.,**

    **Plaintiff,**

vs.                                                Case No. 4:13cv413-RH/CAS

**ANTHONY GERALDI, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 29, 2013, by filing a civil rights complaint, doc. 1, and an in forma pauperis motion, doc. 2. Leave to so proceed was granted, doc. 6, and Plaintiff has now paid the assessed initial partial filing fee. Doc. 7. Thus, the complaint may now be reviewed as is required by § 1915A.

Plaintiff listed three Defendants on page one of the complaint form, but failed to list the Defendants on page two, Section II. Some confusion is presented in that Plaintiff indicates other persons are Defendants in this case, though not listed on page one. Nevertheless, all persons who Plaintiff indicates within the body of the complaint are Defendants have been considered as named Defendants in review. One such person is Defendant Shirley Bates, a person not listed on page one, who is identified as

Plaintiff's criminal defense attorney in an ongoing state prosecution. However, representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role.); *noting* Branti v. Finkel, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980) (holding that a public defender is a state actor when making hiring and firing decisions). Plaintiff makes a conclusory allegation that the assistant state attorney, judge, and defense counsel "are in collusion with one another to cover up" Plaintiffs false arrest, doc. 1 at 6, but Plaintiff provides no facts to support that assertion.

Plaintiff further contends that Defendant Deputy Geraldi and assistant state attorney Jason Mannie have failed to provide evidence to the defense, are prosecuting him in "bad faith," and issued false affidavits to secure the issuance of an arrest warrant. *Id.* at 8. As relief in this case, Plaintiff seeks an order requiring state court judge Defendant Hankinson to rule on motions to suppress which were filed on his behalf by Defendant Bates. Plaintiff also seeks an order requiring the production of evidence to the defense, and declaratory judgments finding that this case was brought in bad faith.

Defendant Hankinson is a state court judge and is entitled to absolute immunity for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial. Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980). Because Plaintiff's allegations reveal that Defendant Hankinson is involved only because he is the judge assigned to Plaintiff's pending criminal case, Defendant Hanksinson was acting in his judicial capacity and the claims against him cannot proceed.

Moreover, the law is clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). Such actions include "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431, 96 S. Ct. at 995. Thus, Plaintiff's claims against Defendant Mannie cannot proceed either as prosecutors are immune from suit under § 1983.

The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development

of an "abstention doctrine" that counsels against federal interference with pending state court proceedings. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Under Younger, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.[1] Younger abstention is required interfering with a state judicial proceeding if three conditions are met: (1) state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (discussing the Younger abstention doctrine); Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004). In this case, there are ongoing state proceedings which implicate the State's important interests, and Plaintiff has adequate opportunities to assert his constitutional objections in the state proceedings. This Court cannot interfere in the ongoing state criminal prosecution. Therefore this action must be dismissed as frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this Report and Recommendation direct the Clerk of Court to

---

[1] "In the companion case of Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, the Court explained that '(o)nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.'" Id., at 85, 91 S.Ct., at 677, *quoted in* Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524, 1531 (1975). No such showing is made in this case where Plaintiff presents only a conclusory allegation.

note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**